THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN WILSON, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>ANCESTRY.COM OPERATIONS INC., a Virginia Corporation; ANCESTRY.COM INC., a Delaware Corporation; and ANCESTRY.COM LLC, a Delaware limited liability company,<br><br>        Defendants. | Case No: 2:22-cv-00861-EAS-KAJ<br><br>Judge Edmund A. Sargus<br><br>Magistrate Judge Kimberly A. Jolson |

**PLAINTIFF'S OPPOSITION TO ANCESTRY'S MOTION TO STAY DISCOVERY
PENDING DECISION ON MOTION TO DISMISS**

   This case is one of several pending in federal courts around the country alleging right of publicity claims against Defendant Ancestry for its nonconsensual use of individuals' names and yearbook photographs to advertise subscriptions to ancestry.com. District courts in Nevada and Illinois recently denied Ancestry's motions to dismiss parallel right of publicity claims by citizens of those states. *Sessa v. Ancestry.com*, No. 20-cv-02292, 2021 WL 4245359 (D. Nev. Sep. 16, 2021); *Bonilla v. Ancestry.com*, No. 20-cv-07390, 2021 WL 5795306 (N.D. Ill. Dec. 7, 2021). Nine additional courts across the country have denied motions to dismiss right of publicity and misappropriation of name or likeness claims against websites that, like Ancestry, advertise subscriptions by publicly displaying searchable profiles that uniquely identify individuals.[1] Three

---

[1] *Callahan v. PeopleConnect*, No. 20-cv-09203, 2021 WL 5050079 (N.D. Cal. Nov. 1, 2021); *Krause v. RocketReach, LLC*, No. 21-cv-1938, 2021 WL 4282700 (N.D. Ill. Sept. 21, 2021); *Lukis v. Whitepages Inc.*, No. 19-cv-4871, 2021 WL 3022319 (N.D. Ill. July 16, 2021); *Kellman v. Spokeo*, No. 21-cv-08976, 2022 WL 1157500 (N.D. Cal. April 19, 2022); *Kolebuck-Utz v. Whitepages Inc.*, No. 21-cv-53, 2021 WL 1575219 (W.D. Wash. Apr. 22, 2021); *Knapke v.*

of these decisions evaluated claims that, like Plaintiff's claims here, arose under Ohio state law.[2] And three of these decisions evaluated claims against an Ancestry competitor that uses the same personal information Ancestry does, *i.e.*, yearbook photographs.[3] In each of these cases, the courts rejected one or both of the "dispositive jurisdictional issues" that Ancestry points to in this motion: Article III standing and personal jurisdiction.

The weight of the case law makes clear that these allegedly dispositive issues are unlikely to resolve in Ancestry's favor, and thus a stay of discovery would only prejudice Plaintiff and the putative Class, who continue to be harmed by Ancestry's misuse of their names and likenesses for its own commercial gain. In fact, Ancestry is already engaged in discovery in both the *Bonilla* and *Sessa* cases, and the discovery sought in this case will be materially similar. This belies Ancestry's contention that beginning discovery here would be unduly burdensome. Ancestry has not shown that a stay of discovery is warranted, and its motion should be denied.

## LEGAL STANDARD

Although district courts have wide discretion to stay or limit discovery, the pendency of "a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Mitchell v. Ohio State Univ.*, No. 2:19-CV-4162, 2020 WL 548326, at *2 (S.D. Ohio Feb. 3, 2020). "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay

---

*PeopleConnect Inc.*, No. 21-cv262, 2021 WL 3510350 (W.D. Wash. Aug. 10, 2021); *Boshears v. PeopleConnect, Inc.*, No. 21-cv-1222, 2022 WL 888300 (W.D. Wash. Mar. 25, 2022); *Martinez v. ZoomInfo*, No. 21-cv-5725, 2022 WL 1078630, at *2-6 (W.D. Wash. April 11, 2022); *Siegel v. ZoomInfo Technologies, Inc.*, No. 21—cv-2032, 2021 WL 4306148 (N.D. Ill. Sep. 22, 2021); *but see Callahan v. Ancestry.com Inc.*, No. 20-CV-08437-LB, 2021 WL 2433893 (N.D. Cal. June 15, 2021) (the only case to dismiss similar claims on Article III standing grounds).

[2] *Kellman*, 2022 WL 1157500; *Kolebuck-Utz*, 2021 WL 1575219; *Knapke*, 2021 WL 3510350.

[3] *Callahan v. PeopleConnect*, 2021 WL 5050079; *Knapke*, 2021 WL 3510350; *Boshears*, 2022 WL 888300.

discovery, the Rules would contain a provision to that effect." *Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 WL 3522397, at *1-2 (S. D Ohio Sept. 7, 2010).

If a motion does not raise an issue "which would be substantially vitiated absent a stay" and there is no showing that the case will "certainly be dismissed," then "a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion." *Williams*, 2010 WL 3522397, at *2. The same is true for Rule 12(b)(1) motions alleging lack of subject matter jurisdiction. *Hopper v. Credit Assocs., LLC*, No. 2:20-CV-522, 2021 WL 2800707, at *3 (S.D. Ohio July 6, 2021). There, "the Court typically determines whether the jurisdictional issue is 'clear-cut' and likely to result in dismissal (which weighs in favor of a stay), or 'fairly debatable' (which weighs against a stay)." *Id.* (cleaned up). In determining whether a requested discovery stay is appropriate, courts must "weigh[] the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Safelite Sols., LLC v. C Thru Auto Glass, LLC*, No. 2:21-CV-1957, 2021 WL 5354709, at *2 (S.D. Ohio Nov. 17, 2021) (citation omitted).

## ARGUMENT

Ancestry fails to show that a stay of discovery is appropriate under the relevant legal standards and its motion should be denied.

***First***, Ancestry cannot show that this case will "certainly be dismissed" or that the jurisdictional issues it raises are "clear-cut and likely to result in dismissal." *Williams*, 2010 WL 3522397, at *2; *Hopper*, 2021 WL 2800707, at *3 (cleaned up). In fact, courts in this district have "frequently denied stays of discovery in the face of motions to dismiss for lack of subject-matter jurisdiction." *Hopper*, 2021 WL 2800707, at *3 (citing *Ohio Bell*, 2008 WL 641252, at *2; *Boddie v. PNC Bank, NA*, No. 2:12-CV-158, 2013 WL 394523, at *2 (S.D. Ohio Jan. 31, 2013); *Seattle*

*House, LLC v. City of Delaware, Ohio*, No. 2:20-CV-03284, 2020 WL 7253309, at *3 (S.D. Ohio Dec. 10, 2020)). Ancestry points to its personal jurisdiction and Article III standing arguments as a basis for its requested stay but ignores that nearly every court that has considered these same issues with respect to Ancestry and in the context of similar websites has denied motions to dismiss on nearly identical arguments.

The courts in *Sessa* and *Bonilla* found they had personal jurisdiction to hear similar right of publicity claims against Ancestry by citizens of those states. *Sessa*, 2021 WL 4245359, at *7-9; *Bonilla*, 2021 WL 5795306, at *2-3. There is no reason for a different result here. Plaintiff's claims arise from three actions Ancestry purposefully directed to the state of Ohio, each of which independently establishes specific personal jurisdiction. First, Ancestry's website is "interactive to a degree that reveals specifically intended interactions with residents of" Ohio. *See Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 890 (6th Cir. 2002). Second, Ancestry misappropriated Plaintiff's and Class members' photographs from yearbooks that were published in Ohio and intended for use by Ohio residents. Class Action Complaint, ECF No. 1 at PageID 4. Third, under Ohio law "[t]he right of publicity is an intellectual property right," and by misappropriating Plaintiff's name and likeness and using his persona to advertise subscriptions in Ohio, Ancestry infringed his intellectual property, thus invoking the Ohio long-arm statute. *ETW Corp. v. Jireh Publishing, Inc.*, 332 F.3d 915, 928 (6th Cir. 2003); *Bird v. Parsons*, 89 F.3d 865, 876 (6th Cir. 2002).

Similarly, nearly all district courts that have considered the issue have ruled that plaintiffs have Article III standing to assert right of publicity claims against websites that use personal information gathered from publicly available sources to advertise subscriptions. In *Sessa* and *Bonilla*, the courts held that plaintiffs had standing to pursue claims against Ancestry and rejected

4

the same arguments Ancestry repeats here. *Sessa*, 2021 WL 4245359, at *4-6; *Bonilla*, 2021 WL 5795306, at *3-4; *see also Callahan v. PeopleConnect*, No. 20-cv-09203, 2021 WL 5050079 (N.D. Cal. Nov. 1, 2021) (plaintiffs asserted right of publicity claims against a website that, like Ancestry, uses yearbook photos to advertise website subscriptions and the court held plaintiffs had statutory standing for their claims); *Kellman v. Spokeo*, No. 21-cv-08976, 2022 WL 1157500, at *5 (N.D. Cal. Apr. 19, 2022) (plaintiffs had standing to pursue Ohio right of publicity and misappropriation of name or likeness claims, among others); *Martinez v. ZoomInfo*, No. 21-cv-5725, 2022 WL 1078630, at *2-6 (W.D. Wash. April 11, 2022); *Lukis v. Whitepages Inc*., 549 F. Supp. 3d 798, 804-805 (N.D. Ill. 2021). In fact, a number of these decisions expressly rejected the reasoning of the only case that has found otherwise, *Callahan v. Ancestry.com Inc.*, No. 20-CV-08437-LB, 2021 WL 2433893 (N.D. Cal. June 15, 2021), finding that the *Callahan v. Ancestry.com* court was simply wrong to conclude there was no Article III standing. *See, e.g. Kellman*, 2022 WL 1157500, at *5; *Martinez*, 2022 WL 1078630, at *5 ("The Court finds [*Callahan v. Ancestry*] unpersuasive…"); *Callahan v. PeopleConnect*, 2021 WL 5050079, at *14.

Clearly, the outcome of these issues is "fairly debatable" and thus that they are pending before the Court does not weigh in favor of staying discovery. *See Dealer VSC, Ltd. v. Tricor Auto. Grp.-US-Inc.*, No. 2:21-CV-3880, 2022 WL 190054, at *3 (S.D. Ohio Jan. 21, 2022) ("Without expressing any opinion as to the merits of the Defendants' dispositive motions, a cursory review of the parties' briefing reveals that the issues are fairly debatable."). Additionally, it is inappropriate at this stage for the Court to "delve into the merits of dispositive motions that are pending before the District Judge in order to determine whether a stay is appropriate." *City of Lancaster v. Flagstar Bank, FSB*, No. 2:10-CV-01041, 2011 WL 1326280, at *4 (S.D. Ohio Apr. 5, 2011). Thus, to the extent Ancestry asks this Court to determine the merits of its personal

5

jurisdiction and Article III arguments in the context of its motion to stay, this request is improper. Lastly, to the extent Ancestry's motion to stay is based on any of its other "garden-variety" Rule 12(b)(6) arguments, again, all of which have been repeatedly rejected in parallel cases, it has not shown that this case will "certainly be dismissed" such that a stay is proper.

Ancestry's reliance on *Victoria's Secret Stores Brand Mgmt., Inc. v. Bob's Stores LLC*, No. 2:13-CV-1261, 2014 WL 1045994 (S.D. Ohio Mar. 17, 2014), is unpersuasive. As other courts have found, "*Victoria's Secret* simply illustrates that a trial court has broad discretion in deciding whether to stay discovery in a particular case." *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at *3 (S.D. Ohio May 20, 2019) (quoting *DSM Desotech, Inc. v. Momentive Specialty Chemicals, Inc.*, No. 2:15-CV-70, 2015 WL 7450893, at *1 (S.D. Ohio Nov. 24, 2015), *report and recommendation adopted*, No. 2:15-CV-70, 2015 WL 8773473 (S.D. Ohio Dec. 14, 2015)). It does not mandate that discovery be stayed in all cases where personal jurisdiction is challenged, but rather notes that the existence of a personal jurisdiction challenge may weigh in favor of granting a stay. *Victoria's Secret*, 2014 WL1045994, at *2. Notably, there the court took into account the fact that "the parties' briefs suggest an inability to cooperate in exchanging information," *id.*, a concern that is irrelevant here where Ancestry is already engaging in discovery in the similar *Sessa* and *Bonilla* cases.

**Second**, Ancestry has not shown that it would suffer any burden were discovery to proceed, much less a burden that outweighs the hardship Plaintiffs and the Class would suffer from delayed redress of Ancestry's ongoing injury to their intellectual property rights. *See Safelite Sols., LLC*, 2021 WL 5354709, at *2. Ancestry does not identify what burden it would suffer by beginning discovery, simply arguing that there would be some generalized "substantial, unnecessary burden on Ancestry." Memorandum of Law in Support of Ancestry's Motion to Stay Discovery Pending

6

Decision on Motion to Dismiss, ECF No. 26-1 at PageID 150. That conclusory allegation is hardly enough to support a motion to stay. *City of Lancaster v. Flagstar Bank, FSB*, No. 2:10-CV-01041, 2011 WL 1326280, at *5 (S.D. Ohio Apr. 5, 2011) (denying motion to stay where the defendant made "no effort to detail the specific burdens it will face from discovery in this case; nor does it explain how the prejudice it would face is different from any other party that files a potentially case-dispositive motion before the Court."); *see also Ray v. Dir., Ohio Dep't of Health*, No. 2:18-CV-272, 2018 WL 4907080, at *3 (S.D. Ohio Oct. 10, 2018) ("the Court also notes that Defendants' conclusory contentions regarding the expense of discovery are insufficient to outweigh the potential prejudice to Plaintiffs from further delay."). In fact, Ancestry would suffer very little burden by engaging in discovery in this matter because the plaintiffs in the *Bonilla* and *Sessa* cases have already issued discovery requests to Ancestry, most of which are applicable to this case as well. Responding to those same categories of discovery with information specific to Plaintiff Wilson and the putative Ohio class is minimally burdensome, particularly in light of the merits of Plaintiff's claims.

In fact, it is Plaintiff who would be prejudiced by a stay of discovery, which would delay his meritorious claims on behalf of himself and other Ohio residents whose names and childhood yearbook photos continue to be impermissibly used by Ancestry for its own commercial gain. Any burden that Ancestry may experience is far outweighed by Plaintiff's right to have his claims resolved in a timely manner. *Safelite Sols., LLC*, 2021 WL 5354709, at *3.

## **CONCLUSION**

For the foregoing reasons, Plaintiff requests that the Court deny Ancestry's motion to stay discovery pending a decision on its motion to dismiss.

Dated: June 3, 2022 Respectfully Submitted,

By: */s/ Raina C. Borrelli*
    Raina C. Borrelli
    Brittany Resch
    TURKE & STRAUSS LLP
    613 Williamson St., Suite 201
    Madison, WI 53703
    Telephone: (608) 237-1775
    Facsimile: (608) 509-4423
    raina@turkestrauss.com
    brittanyr@turkestrauss.com

    Michael F. Ram, *Admitted Pro Hac Vice*
    Marie N. Appel, *Admitted Pro Hac Vice*
    MORGAN & MORGAN
    COMPLEX LITIGATION GROUP
    711 Van Ness Avenue, Suite 500
    San Francisco, CA 94102
    Telephone: (415) 358-6913
    Facsimile: (415) 358-6923
    mram@forthepeople.com
    mappel@forthepeople.com

    Michael Charles Lueder
    HANSEN REYNOLDS LLC
    301 N. Broadway, Suite 400
    Milwaukee, WI 53202
    Telephone: (414) 297-5643
    Emlueder@hansenreynolds.com

    *Attorneys for Plaintiff and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I, Raina C. Borrelli, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 3rd day of June, 2022.

        TURKE & STRAUSS LLP

        By: */s/ Raina C. Borrelli*
            Raina C. Borrelli
            Email: raina@turkestrauss.com
            TURKE & STRAUSS LLP
            613 Williamson St., Suite 201
            Madison, WI 53703
            Telephone: (608) 237-1775
            Facsimile: (608) 509-4423