IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN WILSON,

    **Plaintiff,**

    v.                                           **Civil Action 2:22-cv-861**
                                                   **Judge Edmund A. Sargus, Jr.**
                                                   **Magistrate Judge Kimberly A. Jolson**

ANCESTRY.COM LLC, et al.,

    **Defendants,**

## OPINION AND ORDER

This matter is before the Court on Defendants Ancestry.com Operations Inc., Ancesty.com Inc., and Ancestry.com LLC's (collectively "Ancestry") Motion to Stay Discovery (Doc. 26). For the following reasons, the Motion is **DENIED**.

**I.    BACKGROUND**

Plaintiff brings this putative class action, alleging that Ancestry used the proposed class members' "names and personas to promote paid subscriptions to the Ancestry website without consent in violation of Ohio's right of publicity statute, Ohio Rev. Code § 2741, and Ohio common law prohibiting misappropriation of a name or likeness." (Doc. 1, ¶ 1). Particularly, the proposed class claims that though they have no relationship with Ancestry and have never used its service, their names and photographs, including from their school yearbooks, have appeared in Ancestry's advertisements. (*Id.*, ¶¶ 2–19).

In response, Ancestry moved to dismiss Plaintiff's claims "because Ancestry is not subject to personal jurisdiction in Ohio, [P]laintiff has not alleged an Article III injury, Ancestry is immune pursuant to the Communications Decency Act, [P]laintiff's claims are preempted by the federal Copyright Act, and [P]laintiff has not plausibly alleged his right of publicity claims." (Doc. 13 at

1). Now, Ancestry asks the Court to stay discovery pending resolution of the Motion to Dismiss. The Motion to Stay Discovery is fully briefed and ripe for consideration. (Docs. 26, 27, 28).

**II. STANDARD**

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at *2 (S.D. Ohio May 20, 2019) (quotation marks and citations omitted). And, as is the case here, parties routinely file motions to stay discovery while a motion to dismiss is pending. *See Shanks v. Honda of Am. Mfg.*, No. 2:08-CV-1059, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009) (noting that, "[t]his Court has had many occasions, over the years, to address the question of whether a stay of discovery should be imposed during the pendency of a motion to dismiss"). "[A]s a general rule, this Court is not inclined to stay discovery while a motion to dismiss is pending[.]" *Id.*; *see also Ohio Valley Bank*, 2019 WL 2170681, at *2 (quotation marks and citation omitted) (noting that "the Court has frequently found that the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery").

In "special circumstances," however, a court may find that a discovery stay is appropriate. *Ohio Valley Bank*, 2019 WL 2170681, at *2. A discovery stay may serve the interests of judicial economy, for example, where "the defendant has raised a defense, such as absolute or qualified immunity, which must, as a matter of law, be addressed before discovery appears" or where "it appears that the complaint will almost certainly be dismissed." *Id.* (citations omitted). Further, in considering a motion to stay discovery, "'a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery.'" *Id.* (quoting *Bowens v. Columbus Metro. Library Bd. of Trustees*, No. CIV.A. 2:10-CV-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010)).

2

At bottom, "[t]he Court [ ] must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Valley Bank*, 2019 WL 2170681, at *2 (quotation marks and citations omitted).

### III.    DISCUSSION

As is often the case with motions to stay discovery while a dispositive motion pends, "[b]oth sides have legitimate concerns: Plaintiff does not want this case to languish; Defendants do not want to spend resources unnecessarily." *Per Servs., LLC v. Van Sickle*, No. 2:20-CV-05539, 2021 WL 1030224, at *2 (S.D. Ohio Feb. 22, 2021).

Ancestry argues that a stay is appropriate because it has presented two jurisdictional questions in its motion to dismiss, one of subject-matter jurisdiction and one of personal jurisdiction. (Doc. 26-1 at 8–10). It says, "permitting broad, classwide discovery before these threshold issues are resolved would impose a substantial, unnecessary burden on Ancestry." (*Id.* at 9). In cases where a stay is granted due to pending jurisdictional motions to dismiss, it tends to be where it is "almost certain" that the "federal court lacks the authority to hear the case in the first instance." *Ohio Bell Telephone Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-cv-0549, 2008 WL 641252, at *2 (S.D. Ohio Mar. 4, 2008). But here, the defense is "fairly debatable." *Id.; see also Seattle House, LLC v. City of Delaware, Ohio*, No. 2:20-CV-03284, 2020 WL 7253309, at *2 (S.D. Ohio Dec. 10, 2020). This is especially true given that Ancestry is engaged in similar litigation across the country, and other federal courts have found that subject-matter and personal jurisdiction do exist for those claims. *See, e.g., Sessa v. Ancestry.com Operations Inc.*, 561 F. Supp. 3d 1008, 1020–26 (D. Nev. 2021) (finding plaintiffs had Article III standing and the court had personal jurisdiction over Ancestry); *Bonilla v. Ancestry.com Operations Inc.*, No. 20-C-07390, 2021 WL 5795306, at *3–4 (N.D. Ill. Dec. 7, 2021) (same). Thus, it is not at all certain that Plaintiff's claims are jurisdictionally barred.

3

Ancestry further argues that the personal jurisdiction question in particular necessitates a stay, because it "presents a threshold question of law . . . that determines whether a court has the power to bind the defendant." (Doc. 28 at 3) (quoting *Libertarian Party of Ohio v. Wilhelm*, No. 2:19-cv-2501, 2019 WL 4885876, at *2 (S.D. Ohio Oct. 3, 2019) (quotation marks and citation omitted)). But the Court in *Libertarian Party of Ohio* granted the stay because (1) the threshold question of jurisdiction—whether Defendants had been properly served under the Federal Rules of Civil Procedure—could not be resolved with additional discovery; (2) the Court had already become embroiled in the parties' highly contested discovery disputes, including whether a key witness was privileged from answering certain deposition questioning. 2019 WL 4885876, at *2. Here, however, the question of personal jurisdiction is premised on a broader basis of fact regarding Ancestry's forum contacts, which could be resolved with additional discovery regarding its practices in Ohio. And while Ancestry maintains that Plaintiff's discovery requests will likely lead to disputes regarding "overbroad and irrelevant discovery requests[,]" (Doc. 28 at 4), this does not "suggest[] that the parties are unable to proceed with discovery absent judicial intervention." *Libertarian Party of Ohio*, 2019 WL 4885876, at *2. Rather, the parties must explore extrajudicial means of resolving their disputes before resorting to judicial intervention. S.D. Ohio Civ. R. 37.1.

Finally, the balance of hardships weighs in favor of allowing discovery to proceed. Denial of the stay will result in Ancestry spending "time and money on discovery that may subsequently be moot after a ruling on" the Motion to Dismiss. *Young*, 2020 WL 7407735, at *2. The Court recognizes this burden, "[b]ut it is the same burden that nearly every defendant in this Court faces in civil litigation." *Id.*, at *3. Moreover, were the action to be dismissed on jurisdictional grounds, such dismissal would be without prejudice, and the discovery would not be moot, but rather could be used when the action is commenced in a proper forum. *See Ohio Valley Bank*, 2019 WL

4

2170681, at *2–3 (observing this point and collecting concordant cases). Further, staying discovery potentially will prejudice Plaintiff by delaying the resolution of this case. *Young*, 2020 WL 7407735, at *2. "As reflected in the Federal Rules," Plaintiff deserves his case to be heard "in a timely and efficient manner." *Id.* at *3. Staying discovery would undermine this goal.

### IV. CONCLUSION

For the foregoing reasons, the Motion to Stay Discovery (Doc. 26) is **DENIED**.

IT IS SO ORDERED.

Date: June 21, 2022               /s/ Kimberly A. Jolson
                                  KIMBERLY A. JOLSON
                                  UNITED STATES MAGISTRATE JUDGE