# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF OHIO

### EASTERN DIVISION

| | |
|---|---|
| JOHN WILSON, on behalf of himself and all others similarly situated, | Case No.: 2:22cv00861 EAS (KAJ) |
| Plaintiff, | Judge:  Hon. Edmund A. Sargus |
| v. | Magistrate Judge Kimberly A. Jolson |
| ANCESTRY.COM OPERATIONS INC., a Virginia Corporation; ANCESTRY.COM INC., a Delaware Corporation; and ANCESTRY.COM LLC, a Delaware limited liability company, | **DEFENDANTS ANCESTRY.COM OPERATIONS INC., ANCESTRY.COM INC., AND ANCESTRY.COM LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT** |
| Defendants. | |

## I.    ANSWER

By and through their undersigned counsel, and in response to the Class Action Complaint filed on December 21, 2022 by plaintiff John Wilson in the above-captioned proceeding ("Complaint"), defendants Ancestry.com Operations Inc., Ancestry.com Inc., and Ancestry.com LLC (collectively, "Ancestry"), generally deny plaintiff's allegations that Ancestry violated Ohio's Right of Publicity Statute and violated the Ohio Tort of Appropriation of a Name or Likeness, and further answer the Complaint as follows:

### NATURE OF ACTION[1]

1.    Answering paragraph 1, to the extent this paragraph asserts legal conclusions, no response is required.  Answering further, Ancestry admits that plaintiff seeks certain relief from Ancestry, but denies he is entitled to it.  Ancestry admits it owns and operates the website Ancestry.com.  Ancestry admits that plaintiff purports to bring this suit as a class action against Ancestry, but denies that this suit is proper for class adjudication.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

2.    Answering paragraph 2, Ancestry lacks sufficient information or belief and cannot confirm, with the information currently available, whether it has a subscriber of any Ancestry.com products or services matching the description of plaintiff or whether there is an agreement between Ancestry and plaintiff, or whether plaintiff used Ancestry.com or provided information to Ancestry.  Ancestry also lacks sufficient information or belief about the allegations concerning any putative Class members and denies them on that basis.

3.    Answering paragraph 3, to the extent that this paragraph states legal conclusions, no response is required.  To the extent any response is required, Ancestry lacks sufficient knowledge or belief as to plaintiff's emotions and actions, and on that basis denies those

---

[1]  This document adopts the headings of the Complaint only for the Court's ease of reference.  Ancestry does not agree with or admit any statements alleged in the headings.

allegations.  Ancestry also denies, generally and specifically, each and every allegation contained therein.

4.      Answering paragraph 4, to the extent that this paragraph states legal conclusions, no response is required.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

5.      Answering paragraph 5, to the extent that this paragraph states legal conclusions, no response is required.  To the extent that any response is required, Ancestry admits that visitors to its website can search Ancestry's databases, including its Yearbook Database, for names of any people they may know or be curious about and that searching Ancestry's Yearbook Database with parameters chosen by the user might yield a corresponding list of records available in that Database.  Ancestry admits that users with limited access can view a low-resolution image of a record if they hover over it in the list of search results and that that might allow a user to confirm whether such record corresponds to the person for whom the user searched.  Ancestry admits that users with limited access generally may not view full yearbook records, including any full-resolution photograph or additional information contained therein (such as estimated age at the time the yearbook photograph was taken, name of school, and yearbook year).  Ancestry admits that a subscription to Ancestry.com may provide searchable access to yearbook photos, marriage records, baptism records, death certificates, divorce records, photographs of grave sites.  Plaintiff's reference to "other" searchable records is too vague to enable Ancestry to understand what plaintiff is referring to, and on that basis, Ancestry denies that allegation.  Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

6.      Answering paragraph 6, to the extent that this paragraph states legal conclusions, no response is required.  To the extent that any response is required, Ancestry admits its website can be accessed by anyone visiting the site.  Ancestry admits that visitors can search by entering names and/or locations.  Ancestry admits that searching Ancestry's Yearbook Database with parameters chosen by the user might yield a corresponding list of records available in that

Database, but denies that always occurs. Ancestry denies that any of the search results include "faces," but admits that hovering over a search result might generate a thumbnail image of the record in question that contains the words "Sign Up Now" and "There's more to see" and lists estimated age as a category of other information about the record that might be available. Ancestry denies that city of residence, and high school graduation year are listed as categories of other information available for yearbook records. Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

7. Answering paragraph 7, to the extent this paragraph asserts legal conclusions, no response is required. To the extent a response is required, Ancestry admits it may send emails, including to users who have signed up for a free account. Ancestry admits some of those emails may contain hints that say "What should you explore next for [user-inputted criteria]." Ancestry admits hint emails might contain links to records that might be responsive to the user-inputted family tree information. Ancestry admits that some users who click on a record link might be directed to a page showing subscription options, but denies that is the case for everyone who clicks on the link. Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

8. Answering paragraph 8, to the extent this paragraph asserts legal conclusions, no response is required. To the extent a response is required, Ancestry admits it offers a 14-day free trial to its services that provides the ability to search, view, and download records from Ancestry's databases. Ancestry admits free trial users may search Ancestry's databases, including Ancestry's Yearbook Database, for names of any people they may know or be curious about. Ancestry admits that a successful search may yield records containing the parameters entered by the user (name and school location), as well as a yearbook photograph, estimated age at the time the yearbook was published, school name, and yearbook year, but denies that the list contains anything more than that. Ancestry denies the Yearbook Database contains cities of residence. Ancestry denies

plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

9. Answering paragraph 9, to the extent this paragraph asserts legal conclusions, no response is required. To the extent any response is required, Ancestry lacks sufficient information or belief as to: "the consuming public['s]" beliefs, plaintiff's and putative class members' knowledge, actions, and relationships with Ancestry, and on those grounds Ancestry denies, generally and specifically, each and every allegation contained therein.

10. Answering paragraph 10, to the extent this paragraph asserts legal conclusions, no response is required. To the extent any response is required, Ancestry admits it offers three subscription plans: "U.S. Discovery," "World Explorer," and "All Access." Ancestry admits that subscribers have the ability to search for, view, and download records in Ancestry's Yearbook Database. Ancestry admits its webpage https://www.ancestry.com/cs/offers/subscribe permits someone to purchase a subscription, and states that the webpage speaks for itself. Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

11. Answering paragraph 11, to the extent this paragraph asserts legal conclusions, no response is required. To the extent any response is required, Ancestry denies it is the sole author, designer, and implementor of the "advertising techniques" and "messages" giving rise to this lawsuit. Ancestry denies it does not host user-generated content on any part of the website relevant to this lawsuit. Ancestry denies it is the sole curator, designer, and creator of the content described in the Complaint. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

12. Answering paragraph 12, to the extent this paragraph asserts legal conclusions, no response is required. To the extent any response is required, Ancestry admits it does not publicly disclose how it created the Ancestry Yearbook Database. Ancestry lacks sufficient information or belief as to what plaintiff believes. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

13.     Answering paragraph 13, Ancestry admits it obtains at least some yearbook photographs in its database through PeopleConnect, Inc.  Ancestry admits at least some of the yearbook photographs in its database may have originated from publicly available sources.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

14.     Answering paragraph 14, to the extent this paragraph asserts legal conclusions, no response is required.  Plaintiff's reference to Class members' yearbooks is too vague to respond to, and Ancestry denies this allegation on that basis.  To the extent any response is required, Ancestry admits that it does not hold copyrights in Plaintiff's yearbooks.  Ancestry admits that those who sign an agreement to donate a yearbook to Ancestry's Yearbook Database must represent one of the following: (a) the donated yearbooks are not bound by copyright restrictions, (b) the donor owns the copyright, or (c) the copyright holder grants permission to Ancestry to publish and display the donations in electronic format for the use of Ancestry members.  Ancestry denies plaintiff's characterization of these facts.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

15.     Answering paragraph 15, to the extent this paragraph asserts legal conclusions, no response is required.  To the extent any response is required, Ancestry admits that Plaintiff's yearbooks were produced decades ago.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

16.     Answering paragraph 16, to the extent this paragraph asserts legal conclusions, no response is required.  To the extent any response is required, Ancestry denies it does not provide a mechanism for individuals to request that their information be removed.  Ancestry denies that plaintiff or the class cannot opt out of having their yearbook records be searchable, accessible, or hintable.

17.     Answering paragraph 17, to the extent this paragraph states legal conclusions, no response is required. To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein and the cited statute speaks for itself.

18. Answering paragraph 18, to the extent this paragraph states legal conclusions, no response is required. To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

19. Answering paragraph 19, to the extent this paragraph states legal conclusions, no response is required. To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein and the cited statute speaks for itself.

## JURISDICTION AND VENUE

20. Answering paragraph 20, to the extent this paragraph asserts legal conclusions, no response is required.  To the extent any response is required, Ancestry contests both personal jurisdiction over Ancestry and subject matter jurisdiction on the basis plaintiff lacks standing. Plaintiff's reference to unspecified "public records" is too vague for Ancestry to understand to what plaintiff is referring.   Ancestry admits that the three named Ancestry defendants (Ancestry.com Operations Inc., Ancestry.com Inc. and Ancestry.com LLC ) are all incorporated either in Delaware or Virginia and each have their headquarters in Utah.  Ancestry admits that plaintiff purports to define the putative class as consisting of Ohio residents, but denies that this action is appropriate for class treatment.   Ancestry admits that for purposes of calculating jurisdiction under the Class Action Fairness Act, the amount in controversy exceeds $5 million, but denies that plaintiff or the purported class are entitled to any relief and further denies that this is an appropriate measure of damages.  The cited statute speaks for itself.  Ancestry lacks sufficient information or belief to enable it to answer the allegations of the paragraph regarding the purported class size taking into account the fact that some individuals may appear in multiple records, and excluding from the class non-Ohio residents, Ancestry subscribers, and the deceased, but including residents who have moved into the state, but admits that it may include more than 100 members. Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

21. Answering paragraph 21, to the extent this paragraph asserts legal conclusions, no response is required.  To the extent any response is required, Ancestry denies this Court has

personal jurisdiction over Ancestry. Ancestry denies that a significant portion of the event giving rise to this lawsuit occurred within Ohio. Ancestry denies that its ownership and operation of a universally-accessible website, through which anyone can subscribe to Ancestry services, subjects Ancestry to jurisdiction in Ohio. Ancestry further denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

22.     Answering paragraph 22, to the extent this paragraph asserts legal conclusions, no response is required. To the extent any response is required, Ancestry lacks sufficient information or belief to enable it to answer allegations regarding plaintiff's residence, and denies those allegations on that basis. Ancestry denies this is the appropriate venue or that a substantial portion of the events and conduct giving rise to the alleged violations occurred in this district. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

23.     Answering paragraph 23, to the extent this paragraph asserts legal conclusions, no response is required. To the extent any response is required, Ancestry lacks sufficient information or belief to enable it to answer allegations regarding plaintiff's and putative class members' residence, and denies those allegations on that basis. Ancestry denies that class treatment is appropriate. Ancestry denies this is the appropriate venue or that a substantial portion of the events and conduct giving rise to the alleged violations occurred in this district. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

## PARTIES

**Defendants**

24.     Answering paragraph 24, Ancestry denies that Ancestry.com Operations Inc. is a Delaware corporation. Ancestry admits that Ancestry.com Operations Inc. has its headquarters in Lehi, Utah. Answering further, Ancestry admits it conducts business under the brand names "Ancestry.com," and "Ancestry." Plaintiff's allegation that Ancestry conducts business under "other brand names associated with the various website and services it owns and operates" is too

vague to determine what plaintiff is intending to reference and, on that basis, Ancestry denies this allegation. Ancestry admits that Ancestry.com Operations Inc. owns and operates the website Ancestry.com. Ancestry admits that Ancestry.com Inc. is a Delaware corporation with its headquarters in Lehi, Utah. Ancestry admits that Ancestry.com LLC is a Delaware limited liability company with its headquarters in Lehi, Utah. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

25. Answering paragraph 25, Ancestry admits that Ancestry.com Operations Inc. owns and operates the website Ancestry.com. Plaintiff's allegation that Ancestry "advertises and provides its subscription services throughout this District, Ohio, and the United States" is too vague to determine to what plaintiff is referring, and on that basis, Ancestry denies this allegation. Ancestry further denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

**Plaintiff**

26. Answering paragraph 26, Ancestry lacks sufficient information or belief to enable it to answer allegations regarding plaintiff's residence, and denies that allegation on that basis.

27. Answering paragraph 27, Ancestry lacks sufficient information or belief and cannot confirm, with the information currently available, whether it has a subscriber of any Ancestry.com products or services matching the description of John Wilson or whether there is an agreement between Ancestry and John Wilson, and denies the allegations on that basis.

28. Answering paragraph 28, Ancestry lacks sufficient information or belief to enable it to answer allegations regarding where and when plaintiff John Wilson attended high school, and denies the allegations on that basis.

## FACTUAL ALLEGATIONS

29. Answering paragraph 29, Ancestry lacks sufficient information or belief and cannot confirm, with the information currently available, whether it has a subscriber of any Ancestry.com products or services matching the description of John Wilson or whether there is an agreement between Ancestry and John Wilson, and denies the allegations on that basis.

30.     Answering paragraph 30, to the extent this paragraph asserts legal conclusions, no response is required.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

31.     Answering paragraph 31, to the extent this paragraph asserts legal conclusions, no response is required.  To the extent any response is required, Ancestry lacks sufficient information or belief to enable it to answer allegations regarding plaintiff's values, and denies the allegations on that basis.

32.     Answering paragraph 32, Ancestry lacks sufficient information or belief and cannot confirm, with the information currently available, to enable it to answer allegations regarding the accuracy of yearbook photographs in Ancestry's database allegedly depicting plaintiff, and denies them on that basis.  Ancestry denies plaintiff's characterization of these facts.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

33.     Answering paragraph 33, Ancestry admits that users of the website Ancestry.com might search for anyone on Ancestry's publicly accessible landing page.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

34.     Answering paragraph 34, to the extent this paragraph asserts legal conclusions, no response is required.  To the extent any response is required, Ancestry lacks sufficient information or belief as to what records might be associated with Mr. Wilson and, as a result, any search results that might or might not have been displayed in response to a search on an unidentified date using unidentified search parameters, and on that basis denies plaintiffs' allegations. Ancestry lacks sufficient information or belief to enable it to answer allegations regarding whether plaintiff's age at the time of unidentified photographs was between fifteen and eighteen.  Ancestry lacks sufficient information or belief to enable it to answer allegations regarding plaintiff's counsel's use of photo-editing software and reason for doing so.  Ancestry denies plaintiff's characterization of these facts.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

35.     Answering paragraph 35, to the extent this paragraph asserts legal conclusions, no response is required.  To the extent any response is required, Ancestry lacks sufficient information or belief to enable it to answer allegations regarding a hypothetical use of Ancestry's website, and denies the allegations on that basis.  Ancestry lacks sufficient information or belief to enable it to answer allegations regarding plaintiff's counsel's use of photo-editing software and reason for doing so.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

36.     Answering paragraph 36, Ancestry lacks sufficient information or belief to answer plaintiff's allegation as to any user's hypothetical clicking on a link adjacent to any of plaintiff's records in a hypothetical search results list that might not exist, and on that basis, Ancestry denies plaintiff's allegations.   Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

37.     Answering paragraph 37, to the extent this paragraph asserts legal conclusions, no response is required.  To the extent any response is required, Ancestry admits it may send emails to users who have signed up for a free account with Ancestry but have not become paying users. Ancestry admits some of those emails may contain hints corresponding to yearbook records that might match the information the recipient has included in a family tree the recipient created on the Ancestry website.  Ancestry denies it has sent any hint emails referencing or incorporating plaintiff's name or yearbook records.  Ancestry lacks sufficient information or belief to enable it to answer allegations regarding plaintiff's counsel's use of redactions and reason for doing so. Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

38.     Answering paragraph 38, to the extent this paragraph asserts legal conclusions, no response is required.  To the extent any response is required, Ancestry admits it may send emails to users, including those who have signed up for a free account with Ancestry.  Ancestry admits some of those emails may contain hints corresponding to yearbook records of people whom the recipient has included in a family tree the recipient created on the Ancestry website.  Ancestry

lacks sufficient information to answer plaintiff's allegation as to what happens after clicking on the name "John Wilson" on a hypothetical hint email that does not exist and on that basis, Ancestry denies plaintiff's allegations.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

39.     Answering paragraph 39, to the extent this paragraph asserts legal conclusions, no response is required.  To the extent any response is required, Ancestry admits it offers a 14-day free trial to its services that provides the ability to search, view, and download records from Ancestry's databases.  Ancestry admits free trial users may search Ancestry's databases, including Ancestry's Yearbook Database.  Ancestry admits free trial users may view and download full-resolution versions of yearbook photos for which they searched.  Ancestry lacks sufficient information or belief to answer plaintiff's allegations as to hypothetical free trial uses of its website, and denies them on that basis.  Ancestry lacks sufficient information or belief to enable it to answer allegations regarding plaintiff's counsel's use of photo-editing software and reason for doing so.  Ancestry denies plaintiff's characterization of these facts.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

40.     Answering paragraph 40, to the extent this paragraph asserts legal conclusions, no response is required.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

41.     Answering paragraph 41, Ancestry lacks sufficient knowledge or belief as to plaintiff's knowledge and belief, and on that basis denies those allegations.  Ancestry admits that the years of the high school yearbooks depicted in the Complaint appear to be between 1995 and 1998.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

42.     Answering paragraph 42, to the extent this paragraph asserts legal conclusions, no response is required.  To the extent any response is required, Ancestry admits that it does not hold copyrights in the yearbooks identified in plaintiff's complaint.  Ancestry lacks sufficient information or belief to determine whether it has permission from any copyright holder to

republish or distribute yearbooks and their contents.  Ancestry denies plaintiff's characterization of these facts.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

43.     Answering paragraph 43, to the extent this paragraph asserts legal conclusions, no response is required.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein and the cited laws speak for themselves.

44.     Answering paragraph 44, to the extent this paragraph asserts legal conclusions, no response is required.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

45.     Answering paragraph 45, to the extent this paragraph asserts legal conclusions, no response is required.  Ancestry lacks sufficient information or belief as to plaintiffs' mental state and beliefs, and on that ground denies each and every allegation concerning his mental state and beliefs.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

## CLASS ALLEGATIONS

46.     Answering paragraph 46, to the extent this paragraph asserts legal conclusions, no response is required and the cited rule speaks for itself.  To the extent any response is required, Ancestry admits that plaintiff purports to bring this suit as a class action, but denies the action is appropriate for class treatment.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

47.     Answering paragraph 47, to the extent this paragraph asserts legal conclusions, no response is required.  To the extent any response is required, Ancestry admits that plaintiff purports to exclude certain individuals from the putative class, but denies the action is appropriate for class treatment.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

48.     Answering paragraph 48, to the extent this allegation asserts a legal statement or legal conclusion, no response is required.  To the extent a response is required, Ancestry admits

that the Ancestry Yearbook Database contains at least 730 million records, and that at least 49 million records correspond to Ohio schools.

49.     Answering paragraph 49 and its subparts, to the extent these allegations assert legal statements or legal conclusions, no response is required, and the cited statutes and/or authorities speak for themselves.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

50.     Answering paragraph 50, to the extent these allegations assert legal statements or legal conclusions, no response is required.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

51.     Answering paragraph 51, to the extent these allegations assert legal statements or legal conclusions, no response is required.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

52.     Answering paragraph 52, to the extent these allegations assert legal statements or legal conclusions, no response is required.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

53.     Answering paragraph 53, to the extent these allegations assert legal statements or legal conclusions, no response is required.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.  Ancestry further denies that plaintiff or the purported class are entitled to any relief.

54.     Answering paragraph 54, to the extent these allegations assert legal statements or legal conclusions, no response is required.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

### FIRST CAUSE OF ACTION

### Ohio Right of Publicity Statute, Ohio Rev. Code § 2741

55.     Answering paragraph 55, Ancestry re-alleges all its responses as if fully set forth in response.

56.     Answering paragraph 56, to the extent this paragraph asserts legal conclusions, no response is required and the cited statute speaks for itself.

57.     Answering paragraph 57, to the extent this paragraph asserts legal conclusions, no response is required.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

58.     Answering paragraph 58, to the extent this paragraph asserts legal conclusions, no response is required.  To the extent any response is required, the cited statute speaks for itself and Ancestry denies, generally and specifically, each and every allegation contained therein.  Ancestry further denies that plaintiff or the purported class are entitled to any relief.

59.     Answering paragraph 59, to the extent this paragraph asserts legal conclusions, no response is required.  To the extent any response is required, the cited statute speaks for itself and Ancestry lacks sufficient information or belief to enable it to answer allegations regarding plaintiff's and putative class members' residence, and denies the allegations on that basis.

60.     Answering paragraph 60, to the extent this paragraph asserts legal conclusions, no response is required.  To the extent any response is required, and the cited statute speaks for itself and Ancestry denies, generally and specifically, each and every allegation contained therein.  Ancestry further denies that plaintiff or the purported class are entitled to any relief.

61.     Answering paragraph 61, to the extent this paragraph asserts legal conclusions, no response is required.  To the extent any response is required, the cited statute speaks for itself and Ancestry denies, generally and specifically, each and every allegation contained therein.  Ancestry further denies that plaintiff or the purported class are entitled to any relief.

62.     Answering paragraph 62, to the extent this paragraph asserts legal conclusions, no response is required.  To the extent any response is required, Ancestry lacks sufficient information or belief as to plaintiffs' intent and on that ground denies those allegations.  Ancestry also denies, generally and specifically, each and every allegation contained therein.  Ancestry further denies that plaintiff or the purported class are entitled to any relief.

## SECOND CAUSE OF ACTION

### Ohio Tort of Appropriation of a Name or Likeness

63.     Answering paragraph 63, Ancestry re-alleges all its responses as if fully set forth in response.

64.     Answering paragraph 64, to the extent this paragraph asserts legal conclusions, no response is required.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein and the cited case law speaks for itself.

65.     Answering paragraph 65, to the extent this paragraph asserts legal conclusions, no response is required.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

66.     Answering paragraph 66, to the extent this paragraph asserts legal conclusions, no response is required.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.  Ancestry further denies that plaintiff or the purported class are entitled to any relief.

### PLAINTIFF'S PRAYER FOR RELIEF

67.     Responding to the Prayer for Relief, Ancestry denies generally and specifically that plaintiff or the purported class are entitled to any of the relief sought.

## II.     AFFIRMATIVE AND OTHER DEFENSES

Ancestry sets forth the following defenses. In asserting these defenses, Ancestry is not assuming the burden to establish any fact or proposition where that burden is properly imposed on plaintiffs.  Ancestry reserves the right to assert additional defenses based on facts that are revealed during discovery.  Additional facts and evidence in support of the following defenses will be developed during discovery and presented in due course.

### FIRST DEFENSE

### (Lack of Personal Jurisdiction)

The Court lacks personal jurisdiction over Ancestry, which does not have its principal place of business or headquarters in Ohio.  The only suit-related connection to Ohio is plaintiff's alleged

residence in Ohio. The Complaint should therefore be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE

### (Lack of Standing)

Plaintiff's claims are barred, in whole or in part, because plaintiff lacks standing to assert any or all of the causes of action alleged in the Complaint and lacks standing to recover on behalf of the purported classes and/or general public.

## THIRD DEFENSE

### (No Injury or Damages)

Ancestry denies that plaintiff and/or any purported class members have suffered any injury or damages whatsoever, and further denies it is liable to plaintiff and/or any purported class member for any injury or damage.

## FOURTH DEFENSE

### (Failure to State a Claim Upon Which Relief Can be Granted)

The Complaint and each purported cause of action alleged therein fails to state facts sufficient to constitute a cause of action against Ancestry.

## FIFTH DEFENSE

### (Adequacy of Remedy at Law)

If plaintiff suffered any injuries or damages, which Ancestry denies, those would be adequately compensated in an action at law for damages. Accordingly, plaintiff has a complete and adequate remedy at law and is not entitled to seek injunctive or equitable relief.

## SIXTH DEFENSE

### (Laches)

Plaintiff's claims are barred in whole or in part by the equitable doctrine of laches.

## SEVENTH DEFENSE

### (Waiver)

Plaintiff's claims are barred in whole or in part by the equitable doctrine of waiver.

## EIGHTH DEFENSE

### (Estoppel)

Plaintiff's claims are barred in whole or in part by the equitable doctrine of estoppel.

## NINTH DEFENSE

### (Unclean Hands)

Plaintiff's claims are barred in whole or in part by the equitable doctrine of unclean hands.

## TENTH DEFENSE

### (Statutes of Limitation)

The Complaint and all of the purported causes of action contained therein are barred in whole or in part by the applicable statutes of limitation.

## ELEVENTH DEFENSE

### (Failure to Mitigate Damages)

Plaintiff and/or purported class members have failed to take reasonable, necessary, appropriate, and feasible steps to mitigate their alleged damages, and to the extent of such failure to mitigate, plaintiffs and/or purported class members should be barred from recovering some or all of the alleged damages they seek.

## TWELFTH DEFENSE

### (Waiver and Release)

The Complaint and the purported causes of action alleged therein are barred to the extent plaintiff and/or purported class members have waived, released, relinquished, or abandoned any claim for relief against Ancestry with respect to the matters which are the subject of the Complaint.

## THIRTEENTH DEFENSE

### (Class Action Is Inappropriate)

With respect to each and every allegation of the Complaint, as they relate to the request for class certification, class certification is not appropriate because there is a lack of:

a) Numerosity;

b) Commonality or community of interest;

-17-

c) Typicality;

d) An ascertainable class;

e) Adequate representation;

f) Appropriateness of relief to the putative class as a whole;

g) Predominance of common questions over questions affecting only individual class members;

h) Substantial benefit to the litigants and the court; and

i) Superiority of a class action over other available methods for fair and efficient adjudication.

### FOURTEENTH DEFENSE

### (First Amendment)

The claims made in the Complaint are barred in whole or in part by the First Amendment to the Constitution of the United States. The display of yearbook records, including through yearbook previews, is fully protected by the First Amendment of the U.S. Constitution. The publication of publicly available yearbook information is newsworthy, informational, noncommercial speech that is entitled to full First Amendment protection, regardless of whether the yearbook records are sold for profit. Plaintiffs' alleged theory of liability, if given effect, would suppress and censor speech protected by the First Amendment.

### FIFTEENTH DEFENSE

### (Preemption)

Plaintiff's claims are barred in whole or in part by the doctrine of preemption.

### SIXTEENTH DEFENSE

### (Copyright Preemption)

Plaintiff's claims are preempted in whole or in part by the Copyright Act.

**SEVENTEENTH DEFENSE**

**(Consent)**

The Complaint and the purported causes of action alleged therein are barred to the extent plaintiff and/or purported class members consented to have the information at issue publicly distributed.

**EIGHTEENTH DEFENSE**

**(Information At Issue Is Not Private)**

The Complaint and the purported causes of action alleged therein are barred in whole or in part because the information at issue is not private and there has been no attempt to keep it private.

**NINETEENTH DEFENSE**

**(Unjust Enrichment)**

The Complaint and each purported cause of action alleged therein is barred because any recovery from Ancestry would result in plaintiffs' or a putative class member's unjust enrichment.

**TWENTIETH DEFENSE**

**(Ratification)**

The alleged causes of action are barred in whole or in part because of ratification, agreement, assent, acquiescence or consent to Ancestry's alleged conduct.

**TWENTY-FIRST DEFENSE**

**(Communications Decency Act)**

The Complaint and each purported cause of action alleged therein is barred in whole or in part by the Communications Decency Act.

**TWENTY-SECOND DEFENSE**

**(Indemnity)**

If Ancestry is found in some manner responsible to plaintiff and/or the purported class for the matters alleged in the Complaint, any such injury, damage, or other costs were proximately caused and contributed to by the negligence, fault, acts or omissions of other individuals or entities

for whose conduct Ancestry is not responsible.  Thus, Ancestry requests a court declaration of its right to be indemnified and held harmless by those persons or entities.

### TWENTY-THIRD DEFENSE

### (Lack of Proximate Causation)

To the extent plaintiff suffered any injury by reason of publication of their yearbook records, those injuries were not proximately caused by Ancestry.  Plaintiff is thus barred from recovery from Ancestry, in that any damage proven to have been sustained by plaintiff and/or the purported class was caused by the intervening action or actions of plaintiff, the purported class, and/or other persons or parties that were a superseding cause of their damages and not due to any act or omission on the part of Ancestry.

### TWENTY-FOURTH DEFENSE

### (No Entitlement to Punitive Damages)

Ancestry has not acted with malice, reckless indifference, or fraud toward plaintiffs and putative class members and, therefore, defendants cannot be liable for punitive damages.

### TWENTY-FIFTH DEFENSE

### (Failure to Plead Facts Sufficient to Support Punitive Damages)

Plaintiff and putative class members are not entitled to receive punitive damages because plaintiff did not plead facts sufficient to support such an award.

### TWENTY-SIXTH DEFENSE

### (Right of Publicity Statutory Exemptions)

Plaintiff's and putative class members' Right of Publicity claims fail because Ancestry's challenged conduct is exempted from liability under the right of publicity statute, including, but not limited to, the exemptions for literary works, historical works, advertisement or commercial announcements for such works, and an event or topic of general or public interest.  Ohio Rev. Code §§ 2741.02(D)(1); 2741.09(A)(1) – (6).

## TWENTY-SEVENTH DEFENSE

### (No Commercial Value)

Plaintiff's claims are barred in whole or in part because plaintiff's name, voice, signature, photograph, image, likeness, or distinctive appearance, has no commercial value.

## TWENTY-EIGHTH DEFENSE

### (Incidental Use)

Plaintiff's claims are barred in whole or in part because any use of plaintiff's name or likeness was incidental and not actionable.

## TWENTY-NINTH DEFENSE

### (No Appropriation)

Plaintiff's claims are barred in whole or in part because there was no appropriation of plaintiff's name or likeness.

## THIRTIETH DEFENSE

### (Economic Loss Doctrine)

The Complaint and each purported cause of action alleged therein is barred, in whole or in part, because of the economic loss doctrine.

## THIRTY-FIRST DEFENSE

### (Arbitration)

Venue in this Court is improper to the extent plaintiff or putative class members they purport to represent are bound to arbitrate their disputes with Ancestry.

DATED: February 21, 2023

_Jennifer A.L. Battle_
Jennifer A.L. Battle (0085761), Trial Attorney
**CARPENTER LIPPS & LELAND LLP**
280 N. High Street, Suite 1300
Columbus, Ohio 43215
Phone: (614) 365-4119

_____

Shon Morgan (*Pro Hac Vice*)
John W. Baumann (*Pro Hac Vice*)
**QUINN EMANUEL URQUHART &
SULLIVAN LLP**
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Phone: (213) 443-3000
Fax: (213) 443-3100
shonmorgan@quinnemanuel.com
jackbaumann@quinnemanuel.com

Cristina A. Henriquez (*Pro Hac Vice*)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Phone: (650) 801-5000
Fax: (650) 801-5100
cristinahenriquez@quinnemanuel.com

Attorneys for Defendants Ancestry.com
Operations Inc., Ancestry.com Inc., and
Ancestry.com LLC