**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JOHN WILSON,**

        **Plaintiff,**

    **v.**                           **Civil Action 2:22-cv-861**
                                         **Judge Edmund A. Sargus, Jr.**
                                       **Magistrate Judge Kimberly A. Jolson**

**ANCESTRY.COM LLC, et al.,**

        **Defendants,**

**<u>OPINION AND ORDER</u>**

This matter is before the Court on Defendants' Motion to Seal. (Doc. 67). The Motion is **GRANTED.**

## I. BACKGROUND

Elsewhere, the Court has summarized the events giving rise to this action. (*See* Docs. 30, 41). Relevant here, Defendants recently filed a motion to seal certain documents, which the Court granted in part and denied in part. (Docs. 57, 59). The Court denied without prejudice Defendants' motion to seal the entirety of Todd Godfrey's deposition and found that the request was not narrowly tailored. (Doc. 59 at 6). And the Court directed Plaintiff to file two documents under seal temporarily: an expert report ("the Naaman Report") and his motion for class certification. (*See id.* at 9–10; *see also* Docs. 60, 60-1). The Court ordered Defendants to file a supplemental brief to support their contention that these documents should remain sealed. (Doc. 59 at 10). Defendants have filed their supplemental motion to seal the deposition, the Naaman Report, and Plaintiff's motion, (Doc. 67), and the Court addresses each request in turn.

## II.     STANDARD

Courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case.  *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).  "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record."  *Id.* (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)).  "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'"  *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)).  For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records."  *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179).

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access."  *Shane Grp.*, 825 F.3d at 308 (citation and quotations omitted).  "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations."  *Id.* at 305–06 (quotation omitted).  Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury . . . . And in delineating the injury to be prevented, specificity is essential."  *Id.* at 307–08 (internal citations and quotations omitted).

## III.     DISCUSSION

Defendants seek to redact portions of Todd Godfrey's deposition, the Naaman Report, and Plaintiffs motion for class certification.  (Doc. 67).  To overcome the "strong presumption in favor

of openness," parties who move to seal documents must demonstrate the three elements laid out in *Shane Group*: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019). And the parties seeking to seal documents must demonstrate "document-by-document, line-by-line" why they meet their burden to seal. *Shane Grp.*, 825 F.3d at 308. The Court's obligation to explain its reasoning for sealing records "is independent of whether anyone objects to it." *Id.* at 306 (citing *Brown & Williamson*, 710 F.2d at 1176).

Trade secrets are a "recognized exception to the right of public access to judicial records," *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1180, and the existence of a trade secret satisfies the first "compelling interest" element in *Shane Group. See Kondash*, 767 F. App'x at 638. A trade secret in Ohio is "information" that "derives independent economic value . . . from not being generally known to . . . other persons who can obtain economic value from its disclosure or use" and that a party expends reasonable efforts to keep secret. *Handel's Enterprises, Inc. v. Schulenberg*, 765 F. App'x 117, 122 (6th Cir. 2019) (quoting Ohio Rev. Code § 1333.61(D)). In Ohio, six non-dispositive factors are used to determine the existence of a trade secret:

> (1) The extent to which the information is known outside the business; (2) the extent to which it is known to those inside the business ...; (3) the precautions taken by the holder of the trade secret to guard the secrecy of the information; (4) the savings effected and the value to the holder in having the information as against competitors; (5) the amount of effort or money expended in obtaining and developing the information; and (6) the amount of time and expense it would take for others to acquire and duplicate the information.

*Kondash*, 767 F. App'x at 638 (quoting *Heartland Home Fin., Inc. v. Allied Home Mortg. Capital Corp.*, 258 F. App'x 860, 861–62 (6th Cir. 2008) (internal quotation omitted)).

After reviewing Defendants' Motion and the documents *in camera*, the Court finds that Defendants' Motion should be **GRANTED.**

### A. Deposition of Todd Godfrey

Defendants seek to redact portions of the deposition of Todd Godfrey.  (Doc. 67 at 5–7). Defendants argue that portions of the deposition transcript contain sensitive business and marketing information, revenue and expenses, pricing and market analyses, and trade secrets concerning the internal workings of ancestry.com.  (*Id.*).  Additionally, Defendants say that disclosure "would harm Ancestry's competitive standing" by allowing competitors to develop strategies to market their services based on the information contained in the transcript.  (*Id.* at 6; Doc. 67-1 at 2).

After reviewing the proposed redactions *in camera*, the Court agrees that the transcript contains information that warrants sealing.  The transcript details Defendants' business practices, including the success of some products and whether Defendants profited in certain years.  The proposed redactions also include discussions about the capabilities of Defendants' website, along with marketing strategies and content acquisition methods.  As such, the Court agrees with Defendants that they have a compelling interest in the non-disclosure of this information.  *Proctor & Gamble Co. v. Ranir, LLC*, No. 1:17-cv-185, 2017 WL 3537195, at *3–4 (S.D. Ohio Aug. 17, 2017) (granting a motion to seal information related to "sales and marketing data, strategic business plans. . . confidential marketing strategies and business plans" and "financial data").  Furthermore, the public has little interest in this technical business information, and these limited redactions will not prevent the public from understanding the facts underlying this case.  *See NorCal Tea Party Patriots v. Internal Revenue Serv.*, No. 1:13-cv-341, 2022 WL 1316267, at *7 (S.D. Ohio May 3, 2022) ("Any public interest in this filing could largely be satisfied by a review of the publicly available materials, regardless of access to [two depositions].").  Finally, the redactions are narrowly tailored.  Indeed, Defendants only seek to redact select pages and

paragraphs of an over 200-page deposition.  As such, Defendants have met their burden, and their Motion as it relates to Todd Godfrey's deposition is **GRANTED.**

### B. The Naaman Report

Next, Defendants seek to redact portions of Michael Naaman's expert report, filed in support of Plaintiff's motion for class certification.  (Doc. 67 at 7–9).  Defendants say this report contains information on subscriber numbers and their content acquisition strategies that would "harm [Defendants'] competitive standing" if disclosed to the public.  (*Id.* at 9).  Again, the Court agrees that these limited portions of the report warrant redaction.

After *in camera* review, the Court finds that these parts of the report do contain subscriber and content acquisition information that Defendants do not typically reveal to the public or to their competitors.  *See Lucid Health, Inc. v. Premier Imaging Ventures, LLC*, 2:20-cv-1055, 221 WL 128956, at *2 (granting a motion to seal portions of an expert report because they disclosed information "that would provide competitors with an inside look at Defendant's business strategies and potential customers").  And the public's interest in accessing this information does not outweigh Defendants' compelling interest in non-disclosure.  Even with the proposed redactions, the public would still have access to the expert's conclusions, including the potential size of the class and his description of damages calculations.  Finally, the request is narrowly tailored, as Defendants seek to redact individual sentences and not the entire report.  Accordingly, Defendants' request to redact these documents is **GRANTED.**

### C. Plaintiff's Motion for Class Certification

Lastly, Defendants ask to redact portions of Plaintiff's motion for class certification.  (*See* Doc. 67 at 9–11; Doc. 60 (Plaintiff's motion)).  More specifically, they seek to redact individual sentences on four pages of Plaintiff's motion, because they contain "detailed information" about

Defendants' licensing agreements, their marketing strategies and practices, and other internal business processes.  (Doc. 67 at 11).  Defendants say "irreparable harm" could occur if this information is disclosed, because their competitors would have access to confidential "information about Ancestry's capabilities, its rationale for certain decisions, and its agreements with third parties." (Doc. 67-1 at 4–5).  The Court has also reviewed these proposed redactions *in camera.*

The Court recognizes that a motion for class certification "is arguably the most important filing in any putative class action." *Shane Grp.*, 825 F.3d at 306.  Accordingly, "the standards for denying public access to the record should be applied with particular strictness." *Id.* at 305.  Even so, Defendants have met their burden.  The sentences that Defendants seek to seal contain the type of information that could hurt their competitive standing in the genealogy market if revealed. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 10-cv-14360, 2018 WL 1811471, at *5 (E.D. Mich. Apr. 17, 2018) (granting a motion to redact portions of a motion for class certification where it contained trade secrets and confidential business information).  For example, some sentences contain information on how Defendants acquire content, while other sentences contain details on Defendants' marketing practices.  So, because these portions contain technical business information and trade secrets, the public's interest in accessing them does not outweigh Defendants' interest in sealing them.  And as described above, Defendants' request is narrowly tailored, as they only seek to redact sentences from Plaintiff's nearly forty-page motion.

Therefore, Defendants' Motion is **GRANTED.**

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Seal (Doc. 67) is **GRANTED.**  Plaintiff is **ORDERED** to file a revised motion and its exhibits consistent with this Order within **seven (7) days of the date of this Order**.  Plaintiff's Motion for Class Certification that is temporarily sealed

on the docket, (Doc. 60), may remain under seal, as Plaintiff is ordered to file a redacted version consistent with this Order.

       IT IS SO ORDERED.

Date:  February 14, 2024               /s/ Kimberly A. Jolson
                                              KIMBERLY A. JOLSON
                                              UNITED STATES MAGISTRATE JUDGE