IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOHN WILSON,**

    **Plaintiff,**

  v.                                 Civil Action 2:22-cv-861
                                        Judge Edmund A. Sargus, Jr.
                                        Magistrate Judge Kimberly A. Jolson

**ANCESTRY.COM LLC, et al.,**

    **Defendants,**

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Seal. (Doc. 77). Recently, the Undersigned granted Defendants' request to redact portions of several documents, including Michael Naaman's expert report. (Doc. 68 at 5). The Court found that this report contained "subscriber and content acquisition information" that warranted sealing. (*Id.*). Now, Defendants seek to seal similar information, including content acquisition metrics, subscriber data, and the number of users in Ohio. (Doc. 77 at 6).

For the following reasons, the Motion is **GRANTED**.

**I.**     **STANDARD**

Courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*,

710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179).

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 308 (citation and quotations omitted). "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted). Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury . . . . And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted).

## II. DISCUSSION

Defendants move to redact portions of the deposition of Michael Namaan and Alan Salzberg's Statistical Review of the Declaration of Michael Naaman, Ph.D. (Doc. 77 at 1). Defendants say these documents contain confidential business information, like the number of paying subscribers and users with Ohio addresses. (*Id.* at 6–7). After reviewing the documents *in camera*, the Court agrees that they warrant sealing.

First, Defendants do not typically reveal this information to the public. Indeed, Defendants state that disclosure could harm their competitive standing in the genealogy business. (Doc. 77 at 8). This Court also granted Defendants' previous request to seal similar data. (Doc. 68). As such, the Undersigned again finds that Defendants have a compelling interest in the non-disclosure of this information. *Exec. Jet Mgmt., Inc. v. Longbow Enter., LLC*, No. 1:21-cv-74, 2021 WL

4952705, at *1 (S.D. Ohio Apr. 1, 2021) (recognizing that confidential business information that competitors could exploit warrants sealing). More still, the public has little interest in accessing this information, as the public does "not need to view [Defendants'] highly confidential business information to understand the events giving rise to this dispute." *London Computer Sys., Inc. v. Zillow, Inc.*, No. 1:18-cv-696, 2019 WL 4110516, at *4 (S.D. Ohio Aug. 29, 2019) (citing *Shane Grp.*, 825 F.3d at 305). Finally, Defendants' request is very narrowly tailored, as they seek only to redact single words and individual numbers from these documents. Therefore, Defendants have met their burden to seal this information, and their Motion is **GRANTED.**

### III.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Seal (Doc. 77) is **GRANTED.** Defendants may redact the requested information in their upcoming Memorandum In Support of Motion to Exclude Plaintiff's Expert Michael Naaman. (*See* Doc. 77 at 1).

IT IS SO ORDERED.

Date:  April 9, 2024  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE