IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN WILSON,

      Plaintiff,

v.                                      Civil Action 2:22-cv-861
                                         Judge Edmund A. Sargus, Jr.
                                         Magistrate Judge Kimberly A. Jolson

ANCESTRY.COM LLC, et al.,

      Defendants,

**OPINION AND ORDER**

This matter is before the Court on Defendants' unopposed Motion to Seal. (Doc. 95). The Court has addressed many similar motions in this case. (*See, e.g.*, Docs. 59, 68, 82, 87). Once again, Defendants seek to file redacted versions of several exhibits on the public docket, arguing that these materials "contain highly confidential and sensitive information . . . about Ancestry's subscriber and content acquisition" methods. (*See* Doc. 95 at 3). For the following reasons, the Motion is **GRANTED**.

**I.  STANDARD**

Courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party has a "heavy" burden of overcoming a "'strong

presumption in favor of openness' as to court records." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1179).

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 308 (citation and quotations omitted). "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted). Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury . . . . And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). In sum, a party seeking a seal must show "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019).

**II.     DISCUSSION**

Specifically, Defendants seek to redact three exhibits: the transcript of the May 8, 2024, deposition of Alan Salzberg; Ancestry's June 6, 2023, Amended and Supplemental Responses and Objections to Plaintiff's Interrogatories; and Ancestry's July 21, 2023, Amended and Supplemental Responses and Objections to ROGs 4 and 12. (Doc. 95 at 1). The Court reviewed the proposed redactions *in camera* and addresses each in turn.

### A. Deposition of Alan Salzberg

First, Defendants seek to redact numerical values from the deposition transcript. (Doc. 95 at 5–6). To summarize, Defendants say these redactions contain "confidential information regarding the number of Ancestry subscribers. . . [and] content acquisition." (*Id.* at 6). The Court previously found Defendants have a compelling interest in the non-disclosure of similar information, noting that disclosure could harm Defendants' competitive standing in the genealogy market. (*See* Doc. 68 at 5 (granting a motion to seal content acquisition information)). In addition, the public has little interest in accessing this type of technical business information. *London Computer Sys., Inc. v. Zillow, Inc.*, No. 1:18-cv-696, 2019 WL 4110516, at *4 (S.D. Ohio Aug. 19, 2019) ("[T]he public will not need to view the parties' highly confidential business information to understand the events giving rise to this dispute, or the arguments made in that motion."). What's more, the redactions Defendants seek are extremely narrow. Consequently, Defendants have met their burden, and the Motion is **GRANTED**.

### B. Ancestry's June 6, 2023, Amended and Supplemental Responses and Objections to Plaintiff's Interrogatories and Ancestry's July 21, 2023, Amended and Supplemental Responses and Objections to ROGs 4 and 12

Defendants also move to redact discovery responses they provided to Plaintiffs. (Doc. 95 at 6–9). Defendants say these materials contain content acquisition information, marketing strategies, trade secrets about ancestry.com, and the rationale behind services offered by Ancestry. (*See id.* at 7). Again, Defendants assert that disclosure of this information "would harm Ancestry's competitive standing." (*Id.*). Upon review of these materials *in camera*, the Court agrees and notes that it has granted Defendants' request to redact these materials in the past. (*See* Doc. 59 at 4–5). Since that time, the compelling reasons for the redactions have not changed. (*See id.* (finding

3

that the discovery responses contain trade secrets)).  More still, the public's ability to understand the nature of this litigation will not be impacted by these redactions.  (*Id.*).  And finally, Defendants seek to redact only portions of these documents, and the Court finds their requests are narrowly tailored.  Therefore, the Motion is **GRANTED**.

### III.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Seal (Doc. 95) is **GRANTED**.  The parties may file the unredacted exhibits under seal with redacted versions on the public docket.

IT IS SO ORDERED.

Date:   May 20, 2024                              /s/ Kimberly A. Jolson
                                                  KIMBERLY A. JOLSON
                                                  UNITED STATES MAGISTRATE JUDGE

4