UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN WILSON, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

    Case No. 2:22-cv-861
    JUDGE EDMUND A. SARGUS, JR.
    Magistrate Judge Kimberly A. Jolson

ANCESTRY.COM LLC, *et al.*,

    Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendants Ancestry.com Operations Inc., Ancestry.com Inc., and Ancestry.com LLC's (collectively, "Ancestry") "Motion for Reconsideration of Their Motion to Dismiss for Lack of Personal Jurisdiction." (Def. Mot., ECF No. 69.) For the reasons set forth below, the Court **DENIES** Ancestry's Motion for Reconsideration.

## BACKGROUND

On February 21, 2022, Plaintiff John Wilson, on behalf of himself and all others similarly situated, filed this putative class action alleging that Ancestry, which owns www.ancestry.com, used Wilson and the proposed class members' names and personas to promote paid subscriptions to the Ancestry website without their consent. (Compl. ¶ 1, ECF No. 1.) The factual allegations in the Complaint are set forth more fully in the Court's Order on Ancestry's Motion to Dismiss. (Order, ECF No. 41.)

Ancestry moved to dismiss Wilson's Complaint, arguing that the Court lacked personal jurisdiction over Ancestry. (ECF No. 13.) The Court denied Ancestry's motion to dismiss for lack of personal jurisdiction. (Order, ECF No. 41.)

Ancestry moved for reconsideration of the Court's previous ruling that this Court could exercise personal jurisdiction over Ancestry. (Def. Mot., ECF No. 69.) Ancestry argues that "intervening law, contrary to the Court's previous ruling, has established a test that demonstrates the alleged in-forum contacts arising from the nationwide availability of Ancestry's website are insufficient to establish personal jurisdiction." (*Id.* at PageID # 1026.)

In its Order on Ancestry's Motion to Dismiss, the Court found the reasoning in a District Court of Nevada case persuasive. (Order, ECF No. 41, at PageID # 412–13, discussing the reasoning in *Sessa v. Ancestry.com Operations Inc.*, 561 F. Supp. 3d 1008, 1023 (D. Nev. 2021) ("*Sessa I*").) The Ninth Circuit Court of Appeals—the Circuit in which the District of Nevada sits—subsequently held that in-forum contacts arising from a website's nationwide availability is insufficient to establish personal jurisdiction. *Briskin v. Shopify, Inc.*, 87 F.4th 404, 409 (9th Cir. 2023) ("*Briskin I*"), reh'g *en banc* granted, opinion vacated, 101 F.4th 706 (9th Cir. 2024). In light of *Briskin I*, the district court in *Sessa I* revisited and vacated its prior finding of personal jurisdiction. *Sessa v. Ancestry.com Operations Inc.*, No. 2:20-cv-2292-GMN-BNW, 2024 WL 195995, at *6 (D. Nev. Jan. 17, 2024) ("*Sessa II*") (vacating *Sessa I* and finding that the court lacked personal jurisdiction over Ancestry). Due to these developments, Ancestry requests that this Court reconsider its finding of personal jurisdiction. Wilson responded in opposition (ECF No. 71), and Ancestry filed a reply in support of its motion (ECF No. 76.)

**STANDARD OF REVIEW**

Motions for reconsideration can generally be warranted under three circumstances: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error to prevent manifest injustice. *Zobel v. Contech Enters.*, No. 2:14-CV-2721, 2017 WL 1064731, at *1 (S.D. Ohio Mar. 21, 2017). These motions are looked at with disfavor

2

and are granted sparingly, typically only when the prior decision appears clearly to be legally or factually erroneous. *Id.*; *see also Bethel v. Warden Chillicothe Corr. Inst.*, No. 2:20-cv-5275, 2023 U.S. Dist. LEXIS 32669, at *4 (S.D. Ohio Feb. 27, 2023). The Court's reluctance to grant such motions is to prevent the filing of endless motions for reconsideration and for the judicial interest in finality. *Id.*; *see also Libertarian Party v. Wilhem*, 465 F. Supp. 3d 780, 785 (S.D. Ohio 2020). Therefore, a motion for reconsideration is inappropriate if the plaintiff is merely trying "to relitigate issues previously considered and rejected, or to submit evidence [that] could have been submitted earlier." *Zobel*, 2017 WL 1064731, at *1 (internal citations omitted).

## ANALYSIS

The Court denies Ancestry's motion for reconsideration for two reasons. First, a change in Ninth Circuit caselaw is indisputably not a change in controlling law warranting the rare relief sought in a motion for reconsideration. Second, the Ninth Circuit has since vacated the decision Ancestry bases its argument on and will rehear the case *en banc*.

First, this Court is bound by the Sixth Circuit Court of Appeals and the United States Supreme Court, not the Ninth Circuit. Reconsideration is warranted in the rarest of circumstances, such as a change in controlling law—not, as Ancestry requests, when an out-of-circuit decision establishes a test "contrary to the Court's previous ruling":

> This Court is only bound by decisions of the U.S. Supreme Court and the Sixth Circuit Court of Appeals. While this Court may, and often does, consider opinions of the other Courts of Appeals, those decisions are not binding and do not require reconsideration of an earlier decision of this Court.

*Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Exp., Inc.*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003). Accordingly, the Court declines to revisit its decision due to a change in law which is merely persuasive.

3

Second, even if the Court was persuaded by the Ninth Circuit's decision in *Briskin I*, the Ninth Circuit has since vacated *Briskin I* and will rehear the case *en banc*. *Briskin v. Shopify, Inc.*, 101 F.4th 706 (9th Cir. 2024) ("*Briskin II*") (vacating *Briskin I* and ordering that the case be reheard *en banc*). Ancestry has recognized this and appropriately notified the Court. (Ancestry Not., ECF No. 92.) Regardless of how the Ninth Circuit decides *Briskin II*, this Court will not reconsider its finding of personal jurisdiction over Ancestry. While the Court noted it was "particularly persuaded" by the decision in *Sessa I*, it did not base its finding entirely upon that case. Rather, the Court agreed with the reasoning in *Sessa I*, and used similar reasoning to find personal jurisdiction over Ancestry in this case. A reconsidered opinion by the District of Nevada and a decision by the Ninth Circuit Court of Appeals—which has since been vacated—are not intervening changes in controlling law warranting the rare relief Ancestry seeks here. Indeed, subsequent *controlling* law supports this Court's prior ruling. *See generally AMB Media, LLC v. OneMB, LLC*, No. 23-5607, 2024 WL 2052151, at *4–7 (6th Cir. May 8, 2024) (discussing a company's use of a website to welcome customers from Tennessee, finding personal jurisdiction over the company, and reiterating that "if a company holds itself out to a jurisdiction's business and does regular commerce there, it has fair warning that it could be subject to suit in that location").

## CONCLUSION

For the reason stated above, the Court **DENIES** Ancestry's Motion for Reconsideration. (ECF No. 69.)

This case remains open.

**IT IS SO ORDERED.**

| | |
|---|---|
| **6/25/2024** | **s/Edmund A. Sargus, Jr.** |
| **DATE** | **EDMUND A. SARGUS, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |

4